No. 99-029

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 224

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ZACHARY O'NEILL,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Roberta A. Drew, Public Defender's Office, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: August 5, 1999

Decided: September 23, 1999

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Zachary O'Neill (O'Neill) appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on his pleas of guilty to the felony offenses of burglary and theft and the misdemeanor offense of unauthorized use of a motor vehicle, having reserved the right to do so under § 46-12-204, MCA (1997). We reverse and remand.

2. ¶The dispositive issue on appeal is whether the District Court violated O'Neill's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, when it allowed the State of Montana to file an information pursuant to § 41-5-206, MCA (1997), without first affording O'Neill a hearing.

## BACKGROUND

1. ¶On July 22, 1997, the State of Montana (State) petitioned the District Court for leave to file an information in that court charging O'Neill, age 17, with having committed one count of felony burglary and two counts of felony theft on or about July 10, 1997. The petition was filed pursuant to § 41-5-206(2), MCA (1997), effective July 1, 1997, which mandated the filing of such a petition in the district court, rather than the youth court, when the prosecution desired to charge a youth who was 17 years old at the time of the alleged offense with certain statutorily enumerated offenses, including burglary. The District Court granted the State's petition over O'Neill's objection. O'Neill pled not guilty to the charges and a jury trial was scheduled.

1. ¶O'Neill subsequently moved the District Court on due process grounds to reconsider its order allowing the information to be filed and to set a hearing on the basis of which it could determine, under § 41-5-206(3), MCA (1997), whether the seriousness of the alleged offenses and the interests of community protection required that the case be filed directly in that court. The State opposed O'Neill's motion, arguing that the Legislature had deleted the requirement for a hearing contained in § 41-5-206, MCA (1995), when it amended that statute during the 1997 legislative session and that § 41-5-206, MCA (1997), was effective July 1, 1997, prior to its petition regarding O'Neill. Moreover, according to the State, O'Neill had

not met his burden of establishing that § 41-5-206(3), MCA (1997), was unconstitutional. The District Court denied O'Neill's motion for reconsideration and for a hearing.

2. ¶Thereafter, O'Neill and the State entered into a plea agreement. The State agreed 1) to amend the information by charging misdemeanor unauthorized use of a motor vehicle in place of the first count of felony theft alleged in the original information; 2) to recommend a sentence of "10 yrs suspended[;]" and 3) pursuant to § 46-12-204, MCA (1997), to permit O'Neill to appeal the court's overruling of his objection to the State's petition for leave to file the information and its subsequent denial of his motion to reconsider and for a hearing. In exchange, O'Neill agreed to plead guilty to the charges set forth in the amended information.

3. ¶The court allowed the amendment to the information, accepted O'Neill's guilty pleas to the charges as amended, ordered a presentence investigation report and held a restitution hearing. The District Court entered its Judgment and Commitment on October 29, 1998, and O'Neill appeals.

## DISCUSSION

1. ¶Did the District Court violate O'Neill's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, when it allowed the State to file an information pursuant to § 41-5-206, MCA (1997), without first affording O'Neill a hearing?

2. ¶The District Court's conclusion that due process did not require a hearing prior to its decision pursuant to § 41-5-206(3), MCA (1997), to permit the State to file an information, rather than proceeding in the youth court, is a conclusion of constitutional law. We review such conclusions to determine whether the court's interpretation of the law is correct. State v. Butler, 1999 MT 70, ¶ 7, 977 P.2d 1000, ¶ 7, 56 St.Rep. 291,¶ 7 (citation omitted).

3. ¶O'Neill argues, the State concedes and we agree, that we resolved the issue now before us in *Butler*, which was decided after the District Court's ruling in the present case. There, we observed that § 41-5-206(3), MCA (1997), vests the district court with the final decision regarding whether probable cause exists to believe the youth committed the offense at issue and whether the seriousness of the offense and the interests of community protection are such that the case should be brought in that court. As a result, the court's decision is a critically important matter to the youth because it could mean "the difference between being detained until he is 25 years of age if the case is processed in youth court, and losing his life if the case in processed

in district court." *Butler*, ¶ 26. We concluded that, absent the opportunity provided by a hearing for the youth to challenge the prosecution's allegations that there was probable cause to believe the youth committed the offense and that the seriousness of the crime and the interests of community protection required the information to be filed in the district court, the youth did not receive the due process to which he was entitled by the federal constitution. *Butler*, ¶ 27. Consequently, we held that the court violated the youth's due process rights when it allowed the filing of the information in district court under § 41-5-206, MCA (1997), without first affording him a hearing, and remanded for a hearing prior to the district court rendering a decision pursuant to the statute. *See Butler*, ¶ 32. *Butler* is squarely on point here.

4. ¶The only remaining question is whether O'Neill is entitled to retroactive application of *Butler*. Again, the State concedes that--under this Court's jurisprudence--he is, and, again, we agree.

5. ¶Retroactivity requires that a new rule for the conduct of criminal prosecutions be applied in an evenhanded manner to those similarly situated in cases pending on direct review or not yet final. *See* State v. Egelhoff (1995), 272 Mont. 114, 125-26, 900 P.2d 260, 267, *rev'd on other grounds by* Montana v. Egelhoff (1996), 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (citations omitted). *Butler* created a "new rule" because it broke new ground and imposed a new obligation on the government which was not dictated by existing precedent. *See Egelhoff*, 272 Mont. at 126, 900 P.2d at 267. Moreover, O'Neill's notice of appeal in the present case was filed on September 30, 1998, and we did not decide *Butler* until April 6, 1999. As a result, O'Neill's case was pending on direct review and not yet final when *Butler* was decided. *See Egelhoff*, 272 Mont. at 125-26, 900 P.2d at 267.

6. ¶The requisites for retroactivity are met here. Therefore, we conclude O'Neill is entitled to retroactive application of *Butler*.

7. ¶We hold that the District Court violated O'Neill's due process rights under the Fourteenth Amendment to the United States Constitution when it allowed the State to file an information pursuant to § 41-5-206, MCA (1997), without affording O'Neill a hearing.

8. ¶Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER